## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN MODERN SELECT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:11-cv-571-WTL-DKL |
| ) | |
| CRAIG S. CAMMELOT, ) | |
| ) | |
| Defendant. ) | |
| CRAIG S. CAMMELOT, ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| AMERICAN MODERN SELECT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Counterdefendant. ) | |
| CRAIG S. CAMMELOT, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TERRY HERSHEY, et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

### ENTRY ON MOTION TO DISMISS

This cause is before the Court on a motion to dismiss filed by Kopka, Pinkus, Dolin & Eads, LLC ("KPDE") and Gene A. Pinkus in which they seek dismissal of the claims asserted against them by Craig S. Cammelot. Cammelot has not filed a response to the motion to dismiss, and the time for doing so has expired. The Court, being duly advised, **GRANTS** the motion to

dismiss for the reasons set forth below.

Plaintiff American Modern Select Insurance Company ("American Modern") filed this declaratory judgment action against Defendant Cammelot asserting that it owes Cammelot nothing on a claim he made under his homeowners insurance policy because, it alleges, Cammelot failed to cooperate in the investigation of his claim. In addition to his answer to the complaint, Cammelot, who is appearing *pro se* in this matter, filed a "Counter Cause of Action" against American Modern. So far so good. However, Cammelot also asserts his "counter cause of action" against four additional defendants, including KPDE and Pinkus. Clearly Cammelot's claims against these new defendants are not counterclaims, but are in fact third-party claims,[1] and the Court will consider them as such.

KPDE and Pinkus now move to dismiss the third-party claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Court agrees that dismissal is appropriate. While Cammelot names KPDE in the caption of his "counter cause of action," he makes no factual assertions relating to it in the body of his pleading. Accordingly, he has failed to assert a cause of action against KPDE. Cammelot's only assertion relating to Pinkus is that found in ¶ 13, which reads "That American Modern Select Insurance, by and through it's [sic] attorner [sic] Gene Pinkus threatened Eric Wilson to not co-operate with me or His contract would be voided. Clearly witness tampering." The Court agrees with Pinkus that this is not sufficient to state a claim against him.

For the reasons set forth above, the claims against KPDE and Pinkus are dismissed

---

[1]It is not clear that the new defendants were properly served as required by Federal Rule of Civil Procedure 14(a)(1), but KPDE and Pinkus nonetheless have appeared and filed the instant motion.

pursuant to Federal Rule of Civil Procedure 12(b)(6). The caption in this case shall be conformed as set forth above.

SO ORDERED: 08/09/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy via United States Mail to:**

**CRAIG S. CAMMELOT
1946 N. DeQuincy St.
Indianapolis, IN  46218**

Copies to all counsel of record via electronic notification